IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Raymond Orrand, et al., :

      Plaintiffs, :
    v.                       Case No. 2:07-cv-185
                            :
Horner Construction, Inc.,     Judge Marbley
                            :
      Defendant.    :     Magistrate Judge Kemp

OPINION AND ORDER

Plaintiffs, the administrator and trustees of various employee benefit funds, filed a complaint under ERISA seeking payment of contributions which the defendant, Horner Construction, allegedly owed to the funds. Horner filed an answer and a preliminary pretrial conference was held. A date was set for the filing of summary judgment motions and subsequently extended to March 21, 2008. Plaintiffs filed a motion for summary judgment on that date. There has been no response. For the following reasons, the motion will be granted.

I.

According to an affidavit submitted in support of the motion for summary judgment (doc. #11), Horner is obligated to make contributions to the various trust funds which are plaintiffs in this case. An auditor conducted an audit on behalf of the trustees on May 3, 2006. Based upon that audit, as well as other records submitted by Horner, the affidavit concludes that the funds were owed $2,493.65 in unpaid contributions and accumulated interest in the amount of $1,491.37 through July 15, 2007. Because no response to the motion for summary judgment has been filed, the Court is entitled to accept these calculations as correct. Further, the funds are entitled to liquidated damages equal to the amount of accrued interest, and that sum will be included in the Court's judgment.

The plaintiffs have asked not only for a monetary judgment, however, but also for injunctive relief.  Specifically, they assert that, if not enjoined, Horner will continue to withhold employee benefit contributions from the funds unless it is directed to comply with the relevant provisions of the various collective bargaining agreements.  In addition to such an injunction, plaintiffs have asked the Court to enjoin Horner from transferring any of its assets until the delinquent contributions, interest, liquidated damages, attorneys' fees and court costs are paid in full.

The only evidence submitted in support of the motion for summary judgment is the affidavit described above which details the audit findings and calculates the amount of unpaid contributions, interest, and liquidated damages which are due. Nothing in that affidavit provides evidentiary support for the proposition that Horner must be ordered by the Court to comply with the collective bargaining agreement in the future or that there is a risk if the Court does not order it to pay the amount awarded in this case, it will squander or dissipate its assets and thereby defeat the plaintiffs' ability to recover on the judgment.  Without any evidence in the record, the Court declines to issue the requested injunctive relief.  Should plaintiffs be unable to collect on their judgment, they can move the Court for further relief at that time.

## II.

Based on the foregoing, Plaintiffs' motion for summary judgment (#11) is GRANTED. The Clerk is directed to enter judgment in favor of plaintiffs and against defendant Horner Construction, Inc., in the amount of $4,476.39, plus interest accruing at the rate of $2.46 per day from July 15, 2007.  Any motion for an award of attorney's fees and court costs shall be filed within 14 days.

s/Algenon L. Marbley  
Algenon L. Marbley  
United States District Judge